## SCHLUMBERGER WELL SURVEYING CORPORATION v. HALLIBURTON OIL WELL CEMENTING CO.

### No. 792.

District Court, S. D. Texas, Houston Division.

May 29, 1941.

Baker, Botts, Andrews & Wharton, Brady Cole, and Garrett R. Tucker, Jr., all of Houston, Tex., and Hoguet, Neary & Campbell, Worthington Campbell, and Mark N. Donohue, all of New York City, for plaintiff.

Vinson, Elkins, Weems & Francis, J. Vincent Martin, and Jack D. Head, all of Houston, Tex., Lyon & Lyon and Leonard S. Lyon, all of Los Angeles, Cal., and Ben F. Saye and Earl Babcock, both of Duncan, Okl., for defendant.

KENNERLY, District Judge.

This is a Patent suit.

From a time whence the "memory of man runneth not to the contrary," humankind have pried into and endeavored to learn the secrets, and harness and utilize the energies, currents, potentials, etc. (by whatever name they may be known, *but for brevity here called "earth currents"*), of the earth, both on and below the surface. Beginning with the "willow switch", the "divining rod", and the "doodle bug", and progressing to scientifically recognized and approved methods, the effort has been long and continuous. Now Plaintiff comes into Court and says that given a hole drilled into the ground (generally one drilled in an effort to produce oil or gas), which hole contains water, etc., Plaintiff's Vendor, Conrad Schlumberger, has discovered a scientifically recognized and approved process, and invented an apparatus for carrying out such process, for measuring and recording at different depths the "earth currents" in the hole, from which record there may be deduced and ascertained the formations of rock, sand, and other substances in such hole and in the vicinity thereof, enabling finally a finding of whether oil, gas, and other minerals exist in proximity to such hole. Plaintiff's process and apparatus is known as an electrical log, and is covered by Application filed June 6, 1929, and Patent No. 1,819,923 issued August 18, 1931, to Conrad Schlumberger and duly assigned to Plaintiff.

Plaintiff also says that a similar electrical process and apparatus for the geological investigation and study of the porous strata traversed by similar drill holes has been discovered and invented by said Conrad Schlumberger, which is covered by Application filed January 23, 1932, and Patent No. 1,913,293 issued June 6, 1933, to Conrad Schlumberger, and duly assigned to Plaintiff.

Plaintiff complains that Defendant has infringed all of the Claims under Patent No. 1,819,923, and the first Claim under Patent No. 1,913,293, and prays injunction, damages, etc.

Defendant denies that such Patents are operable, denies that they were duly and legally applied for and issued, and denies infringement. Defendant charges that such Patents are invalid because the processes, mechanism, etc., covered thereby were and are not new and useful discoveries or invention, because of prior public use thereof, because of the state of the prior art at the time of the issue of such Patents, and because of their anticipation by a number of other prior Patents and Publications, which Defendant sets forth in its pleadings and offers in evidence. Defendant also claims that the upholding of Plaintiff's Patents would unlawfully extend other earlier Patents granted to said Schlumberger, and thereby create a monopoly. Defendant also complains of the alleged inequitable conduct of Plaintiff in connection with the Slichter Patents or Inventions.

The hearing in the case, lasting between twenty and thirty days, was finished on January 29, 1941. Thereafter the parties took more than thirty days to prepare and file their briefs. On April 24, 1941, Defendant filed its Motion to Reopen the case and for the Court to receive in evidence Copy of Letters Patent No. 2,233,420 to Eugene Gilbert Leonardon and Copy of

File Wrapper from Patent Office. While such Patent and File Wrapper seem wholly irrelevant and immaterial to any issue in the case, it does not appear that Plaintiff can be harmed by allowing them to be made a part of the Record, and same will be filed with the Clerk along with these Findings.

The evidence (witnesses and documents, models, etc.) produced at the trial of the case, extending over a period of from twenty to thirty days, serves in most respects to illuminate (but sometimes to becloud) the questions and the issues. The witnesses (particularly the expert witnesses) disputed with each other about nearly everything. They disputed about the name, cause, movement, method of measuring, harnessing, and use of the "earth currents". They disputed about whether, and the extent, other natural forces and objects resist or interfere with such currents. Without undertaking to either speak the language of, or use the terms used by, the witnesses, I find that the facts are substantially as follows:

(a) As has been stated, the energies, currents, potentials, etc., which are claimed to be measured, harnessed and utilized by Plaintiff's Patents, and which are discussed by the witnesses, are for brevity loosely referred to herein and called by the all-inclusive term of "earth currents". Rocks, sand, water, petroleum oil, and many other substances offer in varying degrees resistance to or interference with such "earth currents" both on the surface and in the earth, so that the character, force, frequency, etc., of such currents in a drill hole may widely vary from the top to the bottom of such hole, depending on the substances through which the drill hole passes, etc. The mechanism described in Plaintiff's Patent No. 1,819,923 and the Drawings accompanying and which are a part of same, when used in the manner designated in the Patent, partly on the surface and partly in a drill hole such as is described in the Patent, and used in connection with some character of indicator (such as P in such Patent and Drawings), will register on such indicator as such mechanism is used in and descends or ascends in such drill hole. When such mechanism is so used in connection with a chartmaking or recording mechanism, there are produced charts, records, etc. (called logs), containing irregular or zigzag lines, similar to the lines made by a register designed to measure and

measuring the velocity of wind or the pressure of water in a water pipe.

If the mechanism described in the Patent be not used in connection with a chart or record making register, it may be used with some simpler character of register, and action of the register recorded by hand.

The mechanism described in Plaintiff's Patent No. 1,913,293, when used in the manner and under the conditions mentioned in the Patent and in connection with a chartmaking or recording mechanism, also produces charts or records (called logs), containing somewhat similar irregular or zigzag lines.

(b) These logs, when considered along with and in connection with other logs of wells, and mechanical cores from wells in that area, and/or other geological information available as to such area, enable a conclusion to be reached as to the geological formation in such area and the probability of there being oil, gas, or other minerals in such area. The conclusion is usually found correct and accurate, and the oil industry has found such logs very dependable and valuable.

(c) The process, mechanism, etc. described in and covered by Patent No. 1,819,923 were invented and discovered by Conrad Schlumberger sometime prior to his Application for Patent thereon. He was the original and first inventor and discoverer thereof. Same was new, useful and novel, was not known or used by others in the United States before his invention and discovery, was not patented or described in any printed publication in this or any foreign country, and not in public use or on sale in this country prior to or before his invention and discovery thereof.

The process, mechanism, etc., described in and covered by Patent No. 1,913,293 were likewise invented and discovered by Conrad Schlumberger sometime prior to his Application for Patent thereon. Same was new, useful and novel, was not known or used by others in the United States before his invention and discovery thereof, was not patented or described in any printed publication in this or any foreign country, and not in public use or on sale in this country prior to or before his invention and discovery thereof.

Defendant's claim that Plaintiff's Patents are or were anticipated by the prior art is not sustained by the evidence. An examin-

ation of each of the large number of patents and publications set forth in Defendant's pleadings and offered in evidence convinces me, and I find, that neither of Plaintiff's Patents was anticipated by any of them. A discussion of each Patent, Publication, etc., would unduly prolong these Findings.

(d) The evidence shows that while due to economic conditions throughout the country which affected the oil industry, the Patents in suit were not immediately profitable, that later they became very profitable, and Plaintiff began doing, and has since been doing, a very large and profitable commercial business in the manufacture, use, renting, etc., of the processes, mechanism etc., covered thereby. Defendant contends that Plaintiff is not using, and has not been using, the processes mechanism, etc., covered by its Patents. This contention is not correct. The evidence shows that Plaintiff has been and is now using the processes, mechanism, etc., of its Patents.

(e) I have had little or no difficulty on the question of whether Defendant has infringed Plaintiff's Patents. I think the evidence supports and compels a finding, and I find, that the processes, mechanism, etc., which Defendant is manufacturing, using, renting, etc., are substantially identical with those covered by Plaintiff's Patents, and infringes those claims which Plaintiff has involved in this suit.

(f) I have carefully compared the Patents in suit with the former Patents of Conrad Schlumberger, Nos. 1,163,468 and 1,163,469, which Defendant claims are extended by the Patents in suit, thus creating a monopoly. I find that there is no such similarity between them as to support Defendant's claim.

(g) With respect to the Slichter Patents or Inventions and Defendant's charge that because of Plaintiff's inequitable conduct with respect thereto Plaintiff's Complaint should be dismissed, I find for Plaintiff. The weight of the evidence on the issue is I think decidedly for Plaintiff.

1. I conclude that the Applications for the Patents involved in this suit and filed in the Patent Office on the dates set forth in the Findings of Fact were in accordance with and filed in accordance with Title 35 U.S.C.A. § 1 et seq., that the processes, mechanism, etc., covered by such Patents were new, novel and useful inventions patentable under such Title 35, and that both Patents were when issued, have been since, and are now, valid under the Law.

2. I conclude that the various defenses interposed and pleaded herein by Defendant are under the evidence in the case without merit.

3. I conclude that the processes, mechanism, etc., heretofore, and now being, manufactured, used, rented, etc., by Defendant infringe those Claims in Plaintiff's Patents which are involved in this suit.

4. I conclude that Plaintiff is entitled to Judgment against Defendant, restraining further infringement, and for damages for past infringement to be hereafter ascertained by appropriate proceedings.

Let Decree be drawn and presented accordingly.